IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBEKAH LEE,    Plaintiff, | : <br> : <br> : |
| v. | :   CIVIL ACTION NO. 22-CV-3107 <br> : |
| EXPERIAN,    Defendant. | : <br> : <br> : |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                                              **AUGUST 22, 2022**

       Plaintiff Rebekah Lee initiated this civil action by filing a *pro se* Complaint against Experian. Lee's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Lee leave to proceed *in forma pauperis* and dismiss the Complaint[1] without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lee will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.**     **FACTUAL ALLEGATIONS**

       The allegations in Lee's Complaint are sparse. She alleges that she is a consumer who "sent a written dispute on or about 2022, to Defendant, a consumer reporting agency, disputing

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The Complaint contains only a typed signature. Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signature as compliant with Federal Rule of Civil Procedure 11.

the completeness and/or accuracy" of three tradelines.[2] (Compl. at 1.) Lee contends that these tradelines were in "consumer reports concerning Plaintiff prepared, maintained, and published to others by Defendant." (*Id.*) According to Lee, Defendant Experian "negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date [sic] in consumer reports concerning Plaintiff, and investigate, delete, or modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's dispute." (*Id.*) Lee attached to her Complaint what appear to be copies of excerpts from an unidentified individual's credit report, reflecting tradelines from Credit Collection Serv., AR Resources Inc., and EOS CCA. (*Id.* at 4-6.) Lee claims that she suffered personal and financial damages and seeks actual, statutory, and punitive damages and costs. (*Id.* at 1.)

## II.     STANDARD OF REVIEW

As Lee appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

---

[2] Lee listed the tradelines as follows: "EOS CCA – account number 1122****, CREDIT COLLECTION SERV – account number 7955****, AR REOURCES INC – account number 1399****." (Compl. at 1.)

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Lee is proceeding *pro se*, the Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.*  (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'"  *Id.*

### III. DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the

following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[3]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at *6 (3d Cir. Aug. 8, 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . .

---

[3] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

[plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 2022 WL 3149216, at *6 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Liberally construing the allegations of the Complaint, it appears that Lee seeks to present claims based on Experian's alleged noncompliance with 15 U.S.C. §§ 1681e(b) and 1681i(a). Nonetheless, the allegations in Lee's Complaint are sparse, conclusory, and not plausible as pled. She claims that "on or about 2022" she sent a written dispute to Experian "disputing the completeness and/or accuracy" of three tradelines. (Compl. at 1.) Although Lee listed in the Complaint several tradelines that she claims to have disputed with Defendant Experian, and she attached to the Complaint excerpts of a credit report, she fails to state factually how the information is inaccurate. That is, Lee has failed to set forth facts describing what inaccurate information she believes was included in her credit report, or allege sufficient facts about how the purportedly inaccurate information was disputed with Defendant Experian. Lee also fails to allege what actions Experian was required to take in response but failed to take. Lee simply does not provide facts in support of her claims regarding Defendant Experian. Accordingly, Lee's

Complaint fails to allege a plausible claim for relief at this time.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of complaint based on conclusory allegations); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Lee's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because the Court cannot say at this time that Lee can never state a plausible claim based on the acts or omissions of Experian, the Court will grant Lee leave to amend to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for any FCRA claims. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**