IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBEKAH LEE,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 22-CV-3107<br>: |
| EXPERIAN,<br>　　Defendant. | :<br>:<br>: |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                                                           **OCTOBER 7, 2022**

  Currently before the Court is the Amended Complaint[1] of *pro se* Plaintiff Rebekah Lee, which raises claims against Defendant Experian under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). For the following reasons, the Court will dismiss the Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Lee will be given one final opportunity to cure the deficiencies identified by the Court by filing a second amended complaint.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

  The allegations in Lee's initial Complaint were sparse. She alleged that she is a consumer who "sent a written dispute on or about 2022, to Defendant, a consumer reporting

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). The Complaint contains only a typed signature. Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signature as compliant with Federal Rule of Civil Procedure 11.

agency, disputing the completeness and/or accuracy" of three tradelines.[2]  (Compl. at 1.)  Lee contended that these tradelines were in "consumer reports concerning Plaintiff prepared, maintained, and published to others by Defendant." (*Id.*)  According to Lee, Defendant Experian "negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date [sic] in consumer reports concerning Plaintiff, and investigate, delete, or modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's dispute." (*Id.*)  Lee attached to her Complaint what appeared to be copies of excerpts from an unidentified individual's credit report, reflecting tradelines from Credit Collection Serv., AR Resources Inc., and EOS CCA.  (*Id.* at 4-6.)  Lee claimed that she suffered personal and financial damages and seeks actual, statutory, and punitive damages and costs.  (*Id.* at 1.)

By Memorandum and Order dated August 22, 2022, the Court granted Lee leave to proceed *in forma pauperis*, dismissed her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Lee leave to file an amended complaint. (ECF Nos. 4, 5.)  The Court concluded that Lee's FCRA claims were not plausible as pled because Lee had failed to state factually how the disputed information in her credit report was inaccurate.  *Lee v. Experian*, No. 22-3107, 2022 WL 3588324, at *3 (E.D. Pa. Aug. 22, 2022). Lee also failed to allege what actions Experian was required to take in response but failed to take.  *Id.*  Lee was allowed thirty-days leave to file an amended complaint.  (*See* ECF No. 5.) She did so on September 30, 2022.  (ECF No. 6.)  Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915.

---

[2]  Lee listed the tradelines as follows: "EOS CCA – account number 1122****, CREDIT COLLECTION SERV – account number 7955****, AR REOURCES INC – account number 1399****."  (Compl. at 1.)

In contrast to the Complaint, the allegations in the Amended Complaint are lengthy. (*See* Am. Compl. at 1-5.) Lee again alleges that she is a "consumer" under the meaning of the FCRA, and that Defendant, as a "consumer reporting agency," negligently and willfully violated the FCRA when it prepared and furnished a consumer report to third parties. (*Id.*) Lee alleges that "in 2022" she "sent a dispute letter to Defendant, which disputed the completeness and accuracy of information contained in consumer reports" concerning Lee "that were prepared and maintained by Defendant and published by Defendant to third parties." (*Id.* at 2.) Lee again listed the tradelines as follows: "EOS CCA – account number 1122\*\*\*\*, CREDIT COLLECTION SERV – account number 7955\*\*\*\*, AR REOURCES INC – account number 1399\*\*\*\*." (Am. Compl. at 2.)

Lee further alleges, at great length, that Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning her in the consumer reports, suggesting numerous ways that Experian could have done so. (*See id.* at 2-3.) Lee claims that Experian failed to timely and reasonably investigate and delete the disputed information. (*See id.* at 3-4.) As alleged, Experian has not provided Lee with a copy of the reinvestigation results, has not provided Lee with a description of the reinvestigation procedure, and Lee has not been able to view the reinvestigation results online. (*Id.* at 4.) Lee contends that she has spent significant time and effort corresponding with Experian and supplying Defendant with additional documentation to resolve the issues. (*Id.*) She further claims that she has incurred costs in working to resolve the issues with Experian, has suffered mentally, and has lost credit opportunities due to the credit reports that were prepared, maintained, and published by

3

Experian. (*Id.* at 4-5.) Lee seeks monetary damages for the alleged statutory violations. (*Id.* at 5-6.)

## II.   STANDARD OF REVIEW

Since Lee is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Lee is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.   DISCUSSION

Lee once again brings claims against Defendant Exprian pursuant to the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011)

(noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[3]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of

---

[3] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 343-44 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original).  "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)."  *Bibbs*, 43 F.4th at 344-45 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

While the Amended Complaint alleges at great length that Experian failed to follow reasonable procedures to assure maximum possible accuracy in the consumer reports it prepared

6

concerning Lee, and that Experian failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, the factual allegations regarding the inaccuracies in the Experian credit report are sparse, conclusory, and, therefore, not plausible as pled. Lee fails to allege factually how, why, or in what manner the contested tradelines were, in fact, inaccurate. Instead, she merely states, "[i]n 2022" she "sent a dispute letter to Defendant, which disputed the completeness and accuracy of information contained in consumer reports" concerning Lee. (Am. Comp. at 2.) Lee lists the tradelines as follows: "EOS CCA – account number 1122****, CREDIT COLLECTION SERV – account number 7955****, AR REOURCES INC – account number 1399****." (*Id.*) As alleged, Lee fails to state factually how the information is inaccurate. In other words, Lee once again has not identified the allegedly inaccurate credit history information, clearly explained why the information was inaccurate, or alleged facts about how the allegedly inaccurate information was disputed with Experian.

As stated above, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *See Bibbs*, 43 F.4th at 343-44. Lee simply has not done so. Accordingly, Lee's Amended Complaint fails to allege a plausible claim for relief at this time. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Angino*, 784 F. App'x at 69 (affirming district court opinion granting Trans Union's motion for summary judgment because plaintiffs failed to identify any incorrect information on their credit report); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022

WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims); *Whiteford v. Equifax Inc.*, No. 21-94, 2021 WL 3683293, at *3 (W.D. Pa. Aug. 18, 2021) (dismissing § 1681e(b) claim because plaintiff failed to plead any inaccuracies); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington*, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (finding plaintiff's Complaint failed to state a claim under §§ 1681e(b) and 1681i because plaintiff failed to state factually how, why, or in what manner the information about the contested tradelines were inaccurate).

### IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Lee's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Lee will be given one final opportunity to "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [the] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any second amended complaint must clearly describe the factual basis for any FCRA claims and any allegation that information was inaccurate must be pled with more specificity in the second amended complaint. An appropriate Order follows, which provides further instruction as to amendment.

                                                **BY THE COURT:**

                                 /s/Joel H. Slomsky, J.
                                 **JOEL H. SLOMSKY, J.**