IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBEKAH LEE,** : | |
|   **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-3107** |
| : | |
| **EXPERIAN,** : | |
|   **Defendant.** : | |

## ORDER

AND NOW, this 7th day of October, 2022, upon consideration of Plaintiff Rebekah Lee's Amended Complaint (ECF No. 6) it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum.

2. Lee may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Lee's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the Amended Complaint or other papers filed in this case to state a claim. When drafting her second amended complaint, Lee should be mindful of the Court's reasons for dismissing the claims in her Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Lee a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the

above-captioned civil action number.  Lee may use this form to file her second amended complaint if she chooses to do so.[1]

4.      If Lee does not wish to amend her Amended Complaint and instead intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.      If Lee fails to file any response to this Order, the Court will conclude that Lee intends to stand on her Amended Complaint and will issue a final order dismissing this case.[2]

---

[1]  This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

[2]  The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative

*See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                **BY THE COURT:**

                /s/Joel H. Slomsky, J.
                **JOEL H. SLOMSKY, J.**

---

pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).